IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| STEVIE WAYNE JOHNSON | § | |
| VS. | § | CIVIL ACTION NO. 9:12cv207 |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM ORDER OVERRULING MOVANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Stevie Wayne Johnson, an inmate confined at the Federal Correctional Institution in Seagoville, Texas, proceeding *pro se*, brought this motion for relief from judgment.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends the motion be dismissed without prejudice to his ability to file the motion in his previous motion to vacate, set aside or correct sentence. The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence.

Movant filed objections to the magistrate judge's Report and Recommendation. Accordingly, the court conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes movant's objections should be overruled. Therefore, movant's claims should be dismissed.

Movant seeks to reopen the judgment in a previous motion to vacate brought pursuant to 28 U.S.C. § 2255, Civil Action Number 9:04cv127, styled *Johnson v. United States*. Movant's previous § 2255 motion was dismissed as time-barred on December 20, 2004. Movant appealed

the dismissal, and the Fifth Circuit Court of Appeals denied a certificate of appealability on February 24, 2006.

Movant filed this motion for relief from judgment; however, movant did not place the previous case number in the style of the pleading. The pleading, therefore, was filed as a new civil action and interpreted as an attempt to file a successive motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Movant, however, had not received permission to file a second or successive motion to vacate sentence from the Fifth Circuit Court of Appeals. Accordingly, the Magistrate Judge recommended the motion be dismissed without prejudice to movant's ability to file the motion in his previous motion to vacate, set aside or correct sentence.

In his objections, movant argues that he intended the current pleading to be filed as an independent action for relief under Rule 60(b)(6). Rule 60(b) of the Federal Rules of Civil Procedure may apply to civil judgments entered in post-conviction § 2255 proceedings in certain circumstances. *See Gonzalez v. Crosby*, 545 U.S. 524, 537-38, 125 S. Ct. 2641, 2651, 162 L.Ed.2d 480 (2005). However, it is to "be reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of *res judicata*." *United States v. Beggerly*, 524 U.S. 38, 46, 118 S. Ct. 1862, 141 L.Ed.2d 32 (1998). The Court concluded in *Beggerly* that an independent action under Rule 60 should be made available only to prevent "a grave miscarriage of justice." *Id*. at 47. The Fifth Circuit has specifically stated that an independent action to obtain relief from a prior judgment cannot be made a basis for relitigating issues adjudicated by the judgment now sought to be annulled. *See Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 668 (5th Cir. 1981).

It is clear movant cannot meet the standard for filing an independent action pursuant to Rule 60(b). Movant seeks relief from the judgment of the district court dismissing his prior § 2255 motion as time-barred; however, he was not prevented from fully presenting his arguments on appeal. In fact, movant did appeal the dismissal of his previous motion to vacate, and he was

denied a certificate of appealability by the Fifth Circuit Court of Appeals. Further, movant was not diligent in seeking relief, waiting more than five years after the judgment to file his motion for relief from judgment. Accordingly, to the extent movant filed his pleading as an independent action pursuant to Rule 60, it is denied. Movant's motion is merely an attempt to avoid the rules of *res judicata* and circumvent the AEDPA restrictions on filing second or successive motions to vacate.

Additionally, movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, movant has failed to

make a sufficient showing to merit the issuance of a certificate of appealability. As a result, a certificate of appealability shall not be issued.

For the reasons set forth above, movant's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED this 24th day of March, 2015.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE